Nicholas T. Hua, SBN 231035
nick@hgglawyers.com
201 N. Brand Blvd, Suite 200
Glendale, CA 91203
Tel. (747) 215-9675

In Per Pro

Gail C. Lin, SBN 212334
Attorney at Law
gail.lin.law@gmail.com
201 N. Brand Blvd, Suite 200
Glendale, CA 91203
Tel. (747) 215-9675

Attorneys for Plaintiff NICHOLAS T. HUA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS T. HUA., an individual,<br><br>Plaintiff,<br><br>vs.<br><br>THE KROGER CO.; FOOD 4 LESS OF SOUTHERN CALIFORNIA, INC., and DOES 1-10, inclusive,<br><br>Defendants. | **CASE NO.:**<br><br>COMPLAINT FOR DAMAGES AND OTHER RELIEF<br><br>1. AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12131, et seq.;<br>2. CALIFORNIA'S UNRUH CIVIL RIGHTS ACT, CAL CIV. CODE §§ 51 – 52, et seq.;<br>3. CALIFORNIA'S DISABLED PERSONS ACT, CAL CIV. CODE § 54, et seq.;<br>4. CALIFORNIA HEALTH & SAFETY CODE § 19955, et seq.; and<br>5. NEGLIGENCE |

COMPLAINT FOR DAMAGES AND OTHER RELIEF

Plaintiff Nicholas T. Hua ("Mr. Hua" or "Plaintiff") alleges and complains against Defendants THE KROGER CO.; FOOD 4 LESS OF SOURTHERN CALIFORNIA, INC and DOES 1-10 as follows:

**THE PARTIES**

1. Plaintiff is a California resident who suffers from a physical disability. Plaintiff is substantially limited in his ability to walk due to a serious lateral left herniated disc in his lower lumber region, left arm injury, degenerative disc disease, injured left arm, and other health conditions.

2. At all relevant times, Defendant The Kroger Co. ("Kroger") is an Ohio corporation doing business in California. Upon information and belief, at the time of the incident at issue in this action, Kroger was an owner, business operator, lessor, and/or lessee, or had otherwise control of the conditions at the "Food 4 Less" Store #375 (hereinafter the "Premises"), located at or about 1091 S. Hoover Street, Los Angeles, California.

3. At all relevant times, Defendant Food 4 Less of Southern California, Inc. ("Food 4 Less S.C.") is a Delaware corporation doing business in California. Upon information and belief, at the time of the incident at issue in this action, Food 4 Less was an owner, business operator, lessor, and/or lessee, or had otherwise control of the condition at the "Food 4 Less" Store #375 (hereinafter the "Premises"), located at or about 1091 S. Hoover Street, Los Angeles, California.

4. The Kroger Co. and Food 4 Less of Southern California, Inc. are collectively referred to herein at "Food 4 Less."

5. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendant DOES 1 to 10, and each of them, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will ask leave of Court to amend this Complaint when the true names and capacities have been ascertained. Plaintiff is informed and believes and, based thereon, alleges that each such fictitiously named Defendant is responsible in some manner, and therefore, liable to Plaintiff for the acts herein alleged.

6. Plaintiff is informed and believes, and thereon alleges that, at all relevant times, each of the Defendants was the agent, employee, or alter-ego of each of the other Defendants, and/or was acting in concert with each of the other Defendants, and in doing the things alleged herein was acting with the knowledge and consent of the other Defendants and within the course and scope of such agency or employment relationship.

7. Whenever and wherever reference is made in this Complaint to any act or failure to act by a Defendant or Defendants, such allegations and references shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and severally.

## JURISDICTION AND VENUE

8. The Court has jurisdiction of this action pursuant to 28 USC §§ 1331 and 1343 for violation of the Americans with Disabilities Act of 1990, (42 USC § 12101, et seq.).

9. Pursuant to pendent jurisdiction, attendant and related causes of action, arising from the same nucleus of operating facts, are also brought under California law, including, but not limited to, violations of California Civil Code §§ 51, 51.5, 52(a), 52.1, 4 54, 54., 54.3, and 55.

10. Plaintiff's claims are authorized by 28 USC §§ 2201 and 2202.

11. Venue is proper in this court pursuant to 28 USC § 1391(b) because the real property which is the subject of this action is located in this district, in the city of Los Angeles, Los Angeles County, California, and all actions complained of herein arose in this district.

## FACTUAL ALLEGATIONS

12. At all relevant time, the Premises is a business establishment open to the public, a place of public accommodation and engages in commerce through its operation (also referred to as the "Business.")

13. On or about January 7, 2020, following a foot injury, Mr. Hua visited the Premises for the purpose of purchasing bandages, ointment, and other items for sale inside the store.

14. After entering the Premises, Mr. Hua walked to the customer restroom, intending to use it before purchasing items.

15. When Mr. Hua came upon the restroom, he could not access it without significant effort. The door leading into the restroom was narrow, very heavy, and did not open or close freely. The door seemed to be stuck in a manner that did not allow a person to enter or exit without pushing against it using his or her entire body weight, which caused Mr. Hua to suffer lower back pain and left arm pain when he tried to open the door, and he had to exert unnecessary force to open the jammed door. Additionally, the already narrow corridor leading to the restroom was occupied by large commercial store carts which further obstructed the corridor and limited Mr. Hua's ability to move freely and his ability to place his legs, torso and arms in a way which would make it easier and less painful to open the door to the bathroom.

16. Later, still in January 2020, Mr. Hua visited the Premises again. The restroom door was in the same condition as when Mr. Hua visited it earlier and so was the corridor, which continued to be obstructed by large commercial store carts and which limited Mr. Hua's ability to move freely and his ability to place his legs, torso and arms in a way which would make it easier and less painful to open the door to the bathroom.

17. Mr. Hua also visited the premises on or about March 27, 2020, at which time the restroom door and corridor were in the same condition as when Mr. Hua visited it previously on two occasions in January 2020.

18. While attempting to enter the Premises during each of the three times that he visited the Premises, Plaintiff personally encountered a number of barriers as set forth above that interfered with his ability to use and enjoy the goods, services, privileges, and accommodations offered at the Premises.

19. To the extent of Plaintiff's personal knowledge, Defendants failed to comply with the federal standards for the restroom, as the restroom at the Premises was not accessible and violated various American with Disability Act Accessibility Guideline ("ADAAG") requirements, including but not limited to, an impermissibly narrow pathway to the restroom.

20. These barriers and conditions denied Plaintiff the full and equal access to the Premises and caused him difficulty and frustration.

21. Plaintiff wishes to return to the Premises and patronize Defendants' business. However, Plaintiff is deterred from doing so because his knowledge of these violations prevents him from returning until the barriers are removed.

22. Based on the violations, Plaintiff alleges, on information and belief, that there are additional barriers to accessibility at the Premises after further site inspection. Plaintiff seeks to have all barriers related to his disability remedied. *See Doran v. 7-Eleven, Inc.*, 524 F.3d 1034 (9th Cir. 2008).

23. In addition, Plaintiff alleges, on information and belief, that Defendants knew that particular barriers render the Premises inaccessible, violate state and federal law, and interfere with access for the physically disabled.

24. At all relevant times, Defendants had and still have control and dominion over the conditions at this location and had and still have the financial resources to remove these barriers without much difficulty or expenses to make the Premises accessible to the physically disabled in compliance with ADAAG and Title 24 regulations. Upon information and belief, Defendants have not removed such barriers and have not modified the Business to conform to accessibility regulations.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990

25. Under the Americans with Disabilities Act of 1990 ("ADA"), no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation. 42 U.S.C. § 12182(a).

26. Discrimination, inter alia, includes:

a. A failure to make reasonable modification in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations. 42 U.S.C. § 12182(b)(2)(A)(ii).

b. A failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden. 42 U.S.C. § 12182(b)(2)(A)(iii).

c. A failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities, and transportation barriers in existing vehicles and rail passenger cars used by an establishment for transporting individuals (not including barriers that can only be removed through the retrofitting of vehicles or rail passenger cars by the installation of a hydraulic or other lift), where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).

d. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities where such alterations to the path or travel or the bathrooms, telephones, and drinking fountains serving the altered area are not disproportionate to the overall alterations in terms of cost and scope. 42 U.S.C. § 12183(a)02).

27. The hallways and aisles of the Business did not comply with the federal standards.

28. A public accommodation shall maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities by the Act or this part. 28 C.F.R. § 35.211(a).

29. By failing to maintain the facility to be readily accessible and usable by Plaintiff, Defendants violated Plaintiff's rights under the ADA and its related regulations.

30. Defendants have denied and continue to deny full and equal access to Plaintiff and to other people with disabilities. Plaintiff has been and will continue to be discriminated against due to the lack of accessible facilities, and therefore, seeks injunctive relief to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT

31. Plaintiff incorporates by reference each of the allegations in all prior paragraphs in this complaint.

32. California Civil Code § 51 states, "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."

33. California Civil Code § 52 states, "Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 515, or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000) and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6."

34. California Civil Code § 51(f) specifies, "A violation of the right of any individual under the federal Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

35. The actions and omissions of Defendants alleged herein constitute a denial of full and equal accommodation, advantages, facilities, privileges, or services by physically disabled persons within the meaning of California Civil Code §§ 51 and 52. Defendants have discriminated against Plaintiff in violation of California Civil Code §§ 51 and 52.

36. The violations of the Unruh Civil Rights Act caused Plaintiff to experience difficulty, discomfort, or embarrassment.

37. The Defendants are also liable for statutory damages as specified in California Civil Code § 55.56(a)-(c). Accordingly, Plaintiff is entitled to the recovery of $4,000 for each violation as well as attorney's fees and costs. Civil Code § 51(f).

## THIRD CAUSE OF ACTION

## VIOLATION OF CALIFORNIA DISABLED PERSONS ACT

38. Plaintiff incorporates by reference each of the allegations in all prior paragraphs in this complaint.

39. California Civil Code § 54.l(a) states that "Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, loading places, places of public accommodation, amusement, or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons."

40. California Civil Code § 54.3(a) states that "Any person or persons, firm or corporation who denies or interferes with admittance to or enjoyment of public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the right of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages, and any amount as may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than one thousand dollars ($1,000) and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 54, 54.1, and 54.2."

41. California Civil Code § 54(a) specifies that "Individuals with disabilities or medical conditions have the same right as the general public to the full and free use of the…public facilities, and other public places," and under subsection (c) it is a "violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336). . . ."

42. The actions and omissions of Defendants alleged herein constitute a denial of full and equal accommodation, advantages, and facilities by physically disabled persons within the meaning of California Civil Code § 54. Defendants have discriminated against Plaintiff in violation of California Civil Code § 54.

43. The violations of the California Disabled Persons Act caused Plaintiff to experience difficulty, discomfort, and embarrassment, for which Defendants are liable for statutory damages as specified in California Civil Code § 55.56(a)-(c).

## FOURTH CAUSE OF ACTION

## CALIFORNIA HEALTH & SAFETY CODE § 19955, et seq.

44. Plaintiff incorporates by reference each of the allegations in all prior paragraphs in this complaint.

45. Plaintiff and other similar physically disabled persons are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of California Health & Safety Code § 19955 et seq. Plaintiff is a member of the public whose rights are protected by the provisions of California Health & Safety Code § 19955 et seq.

46. The purpose of California Health & Safety Code § 19955 et seq. is to ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Section 4450) of Division 5 of Title 1 of the Government Code. The code relating to such public accommodations also require that "When sanitary facilities are made available for the public, clients, or employees in these stations, centers, or buildings, they shall be made available for persons with disabilities." Cal. Health & Safety Code § 19955.5.

47. Title II of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of goods (or use), services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a). Further, each and every violation of the ADA also constitutes a separate and distinct violation of California Civil Code §§ 54(c) and 54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code § 54.3 and Business and Professions Code § 17200, et seq.

**FIFTH CAUSE OF ACTION**

**NEGLIGENCE**

48. Plaintiff incorporates by reference each of the allegations in all prior paragraphs in this complaint.

49. Defendants have a general duty and a duty under the ADA, Unruh Civil Rights Act, and California Disabled Persons Act to provide safe and accessible facilities to Plaintiff.

50. Defendants breached their duty of care by violating the provisions of the ADA, Unruh Civil Rights Act, and California Disabled Persons Act.

51. As a direct and proximate result of Defendants' negligent conduct, Plaintiff has suffered damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for relief and judgment against Defendants as follows:

1. For preliminary and permanent injunctions directing Defendants to comply with the Americans with Disability Act and the Unruh Civil Rights Act;

2. Award of all appropriate damages, including but not limited to statutory damages, general damages and treble damages in amounts, according to proof;

3. Reasonable attorney's fees, litigation expenses, and costs of suit in this action to the fullest extent provided by law;

4. For such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues and claims so triable.

DATED: January 25, 2021             By: *Nicholas T. Hua*
                                        Nicholas T. Hua
                                        Gail Lin

                                        Attorney for Plaintiff and Plaintiff In Pro Per